**21 CV 07788**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VLADIMIR JEANTY

                Plaintiff,

     -against-

THE CITY OF NEW YORK, Police Officer
JUNSUN PARK, Shield #28223, Police Officer
BRIAN CHENG Shield #16145, Police Officer
JONATHAN AQUINO, Shield # unknown, Police
Officer BENJAMIN CHEN Shield #7156 Police
Officer JOHN/JANE DOE ONE and
JOHN/JANE DOE TWO; in their individual and
official capacities as of the City of New York,

                Defendants.
-----------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

**INDEX No.:**

Plaintiff Vladimir Jeanty, pro-se alleges the following, for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff VLADIMIR JEANTY is a resident of Queens County in the City of New York and State of New York and of proper age to commence this lawsuit.

3. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and

1

by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant JUNSUN PARK Shield No.28223, was employed by the City of New York as a member of the NYPD. PARK is sued in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendant BRYAN CHENG, Shield No. 16145, was employed by the City of New York as a member of the NYPD. CHENG is sued in his individual and official capacities.

6. At all relevant times hereinafter mentioned, defendant JONATHAN AQUINO, Shield No. Unknown, was employed by the City of New York as a member of the NYPD. AQUINO is sued in his individual and official capacities.

7. At all relevant times hereinafter mentioned, defendant BENJAMIN CHEN Shield No. 7156, was employed by the City of New York as a member of the NYPD. CHEN is sued in his individual and official capacities.

8. At all relevant times hereinafter mentioned, defendants JOHN/JANE DOES ONE AND TWO Shield No. Unknown, were employed by the City of New York as a member of the NYPD. JOHN/JANE DOES ONE AND TWO are sued in his/her individual and official capacities.

9. At all relevant times hereinafter mentioned, defendants JOHN/JANE DOES ONE and TWO were individuals employed by the City of New

York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time.

10. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

11. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Southern District of New York.

12. A Notice of Claim was filed with the NYC Comptrollers Office in regards to the September 19, 2018 arrest.

**FACTUAL ALLEGATIONS**

12. On September 19, 2018 at approximately 5:30pm Plaintiff called the 73rd Precinct non-emergency number and 911 for assistance at 230 Lott Ave, Brooklyn NY.

13. Plaintiff requested assistance in attempting to convince His child's mother, Una Sanders to comply with a Court order for visitation with a child in the custody of the mother.

14. Defendant Park responded with officer John Doe.

15. Defendant Park and Defendant Doe escorted Plaintiff to Ms. Sanders' apartment at 230 Lott Ave Apt 1I.

16. Plaintiff was with his 3 young children.

17. Defendants Park and Doe knocked on Apt 1I.

18. Ms. Sanders answered the door and Defendant Park engaged Ms. Sanders in a conversation about Plaintiff's request to visit with their child in common.

19. Defendant Park entered Ms. Sanders' apartment.

20. Defendant Park remained in Ms. Sanders' apartment for approximately 1 hour.

21. Defendant Doe remained outside Ms. Sanders' Apt with Plaintiff and His 3 young children.

22. At approximately 6:30pm Defendant Park exited Ms. Sanders' apartment and pulled defendant Doe away and whispered in his ear.

23. Prior to Defendant Parks exit from Apt 1I, multiple NYPD officers entered 230 Lott Ave and were walking towards Plaintiff and His children.

24. Defendant Park then turned to Plaintiff and asked for His ID.

25. Plaintiff gave Defendant Park His ID.

26. Defendant Park told Plaintiff He was under arrest.

27. Defendant Doe placed Plaintiff in handcuffs.

28. Plaintiff asked Defendant Park why He was under arrest?

29. Defendant Park responded and told Plaintiff that Plaintiff had an open complaint in the NYPD system.

30. Defendants Park and Doe transported Plaintiff to the 73rd Precinct.

31. At the precinct Plaintiff was held for multiple hours before being processed.

32. Approximately 6 hours after His arrest Plaintiff was processed.

33. Defendants Park told Plaintiff He was arrested for allegedly committing crimes on July 2, 2018 against Ms. Sanders.

34. Defendants Park and Doe did not confirm any of the allegations made by Ms. Sanders.

35. Defendants Park and Doe did not confirm that Plaintiff was ever present at the time and location where the alleged crimes were committed.

36. There were no open warrants or complaints against Plaintiffs.

37. Defendant Park and Doe arrested Plaintiff for allegedly Plaintiff entering Ms. Sanders' car without permission on July 2, 2018, Plaintiff allegedly shoved Ms. Sanders on July 2, 2018, Plaintiff allegedly grabbed Ms. Sanders' bag and phone and dropped and broke her phone.

38. Based on the allegations in paragraph 33 Defendants Park and Doe charged Plaintiff with PL145.00(1) Criminal Mischief in the 4th degree, PL 165.05(1) Unauthorized use of a vehicle in the 3rd degree, PL 120.15 Menacing in the 3rd degree and PL 24026(1) Harassment in the 2nd degree.

39. Defendants Park and Doe arrested and charged Plaintiff for allegations of crimes which occurred approximately 80 days prior to been reported.

40. Defendants Park and Doe knew at all times that the allegations made by Ms, Sanders were false because they could not be corroborated.

41. Defendants Park and Doe did not see any injuries on Ms. Sanders.

42. Defendants Park and Doe did not see a broken phone.

43. Plaintiff did not consent to be arrested.

44. Defendants Park and Doe arrested Plaintiff without probable cause.

45. Defendants Park and Doe arrested Plaintiff without reasonable suspicion that Plaintiff committed any crime against Ms. Sanders.

46. Defendants Park and Doe at all times relevant intended on arresting Plaintiff for an alleged complaint that did not exist.

47. The charges from the September 19, 2018 arrest were dropped.

48. On January 8, 2021 Defendant Benjamin Chen Shield #7156 arrested Plaintiff in front of the 73rd Precinct.

49. Defendant Chen arrested Plaintiff for no reason.

50. After Plaintiff was placed under arrest Ms. Sanders made a show-up identification.

51. Defendant Chen did not know why He was arresting Plaintiff.

52. Defendant Jonathan Aquino charged Plaintiff on January 9, 2021 at 12:15am.

6

53. Defendant Aquino charged Plaintiff with PL 215.50(3) Criminal Contempt in the 2nd Degree, PL 240.26(3) Harassment in the 2nd Degree, PL 120.14(3) Menacing in the 2nd degree, PL 215.50(3) Criminal Contempt in the 2nd Degree, PL 240.26(2) Harassment in the 2nd Degree.

54. Defendant Aquino arrested Plaintiff for exercising His right to free speech.

55. Defendant Aquino arrested Plaintiff without having any information that Plaintiff was present at the alleged location on the alleged time and date that a crime was alleged to have been committed by Plaintiff..

56. Defendant Chen arrested Plaintiff without having any personal knowledge or information that Plaintiff committed or was about to commit any crime.

57. Defendants Chen and Doe did not observe any injury on Ms. Sanders.

58. Defendants Chen and Doe did not observe a broken phone.

59. Defendant Chen intentionally arrested Plaintiff.

60. Plaintiff did not consent to be arrested by Defendant Chen.

61. Defendants Chen and Aquino arrested Plaintiff without a warrant.

62. ███████████████████████████████████████

63. On June 11, 2021 Defendant Brian Cheng, Shield #16145, arrested Plaintiff at the 73rd Precinct while Plaintiff was attempting to pick up His daughter for a scheduled visit.

64. Defendant Cheng arrested Plaintiff for PL 215.50(3) Criminal Contempt in the 2nd degree and PL 240.30(2) Aggravated Harassment in the 2nd degree.

65. Defendant Cheng arrested Plaintiff for crimes alleged to have occurred on May 4, 2021.

66. Defendant Cheng arrested Plaintiff for exercising His right to free speech.

67. Plaintiff did not assault, harass, menace, intimidate, or threaten Ms. Sanders on, before or after May 4, 2021.

68. Defendant Cheng knowingly and intentionally falsely alleged that Plaintiff had an Order of Protection that prohibited Plaintiff from communicating with Una Sanders, the complainant.

69. Plaintiff did not violate any Order of Protection.

70. At no point did the defendant observe plaintiffs committing any crimes or offenses.

71. Defendant Cheng was shown and was aware of the Limited Order of Protection dated 1/9/2021 which specifically does not prohibit communication between Plaintiff and the complainant Ms. Sanders.

72. Plaintiff was allowed to communicate with the complainant.

73. Plaintiff did not consent to be arrested by Defendant Cheng.

74. Defendants Cheng arrested Plaintiff without a warrant.

75. ███████████████████████████████████

76. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

77. At all relevant times herein, each of the individual defendants participated directly in the detention and arrest of plaintiff.

## FIRST CAUSE OF ACTION
### (State and Federal Law False Arrest Against All Defendants)

78. Plaintiffs repeat the preceding allegations as though stated fully herein.

79. The Defendants jointly and severally, as outlined in the preceding paragraphs, without any warrant, order, or other legal process and without any legal right, wrongfully and unlawfully arrested/detained Plaintiff, restrained him and His liberty, and then took Him into custody and confined Him for approximately 26 plus hours for each incident.

80. Defendants intentionally confined Plaintiff without His consent.

81. The confinement was not otherwise privileged by law.

82. At all times, the Plaintiffs were conscious of their confinement.

83. Defendants detained and arrested Plaintiff without any reasonable suspicion that Plaintiff committed or was about to commit any crime.

84. Defendants detained and arrested Plaintiff without probable cause to believe that Plaintiff committed or was about to commit any crime.

## SECOND CAUSE OF ACTION

### (State Law Negligent Hiring, Training, Retention, and Supervision Claim Against the Municipal Defendant)

85. Plaintiffs repeat the preceding allegations as though stated fully herein.

86. The municipal defendant owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injuries to plaintiffs, or other people similarly situated, would probably result from the foregoing conduct.

87. Upon information and belief, the individual defendants were unfit and incompetent for their positions or were otherwise likely to falsely arrest civillians and engage in similar misconduct.

88. Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that the individual defendants were likely to falsely arrest Plaintiff and other similarly situated individuals..

89. Upon information and belief, defendant City of New York's negligence in screening, hiring, training, disciplining, supervising, and retaining these defendants proximately caused each of plaintiffs' injuries.

90. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Signed and dated:

September 15, 2021

Queens, New York

VLADIMIR JEANTY, Pro-se
PO Box 921173
Arverne, NY 11692-1173
(516) 667-9231
vladimirjeanty@gmail.com

11