**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
VLADIMIR JEANTY

    Plaintiff,

    -against-

THE CITY OF NEW YORK; NYPD 73RD
PRECINCT; Police Officer JUNSUN PARK, Tax ID
#959875;  Police Officer BRIAN CHENG, Tax ID
#957452; Police Officer JONATHAN AQUINO,
Tax ID #957337; Police Officer BENJAMIN CHEN
Tax ID #960362; Police Officer Derrick Viruet,
Tax ID #956321; JOHN/JANE DOE ONE and
JOHN/JANE DOE TWO; in their individual and
official capacities as employees of the City of New
York;

    Defendants.
-----------------------------------------------------------X

**DOCKET NO.:**
**21-CV-5344**

**FIRST AMENDED**
**COMPLAINT**

   Plaintiff Vladimir Jeanty, pro-se alleges the following, for this Complaint:

## INTRODUCTION

   1. This is a civil rights action for money damages brought pursuant to

42 U.S.C. §§ 1983, 1988 NYC Administrative Code Ch. 8; against the individual

police officers identified herein and their employer, the City of New York and the

73rd Precinct for violations of the rights of Vladimir Jeanty as prescribed by the

Fourth, Fifth and Fourteenth Amendments to the United States Constitution,

Section Twelve, Article One of the New York State Constitution and Section Eight

of the Civil Rights Law.

## PARTIES, VENUE AND JURISDICTION

1

2.      Plaintiff VLADIMIR JEANTY is a resident of Queens County in the City of New York and State of New York and of proper age to commence this lawsuit.

3.      At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4.      At all relevant times hereinafter mentioned, defendant JUNSUN PARK, ("Park"), Tax ID NO., 959875 was employed by the City of New York as a member of the NYPD 73rd Precinct. PARK is sued in his individual and official capacities.

5.      At all relevant times hereinafter mentioned, defendant BRIAN CHENG, ("Cheng"), Tax ID NO., 957452, was employed by the City of New York as a member of the NYPD 73rd Precinct. CHENG is sued in his individual and official capacities.

6.      At all relevant times hereinafter mentioned, defendant JONATHAN AQUINO, ("Aquino"), Tax ID NO., 957337, was employed by the City of New York as a member of the NYPD 73rd Precinct. AQUINO is sued in his individual and official capacities.

7.      At all relevant times hereinafter mentioned, defendant BENJAMIN CHEN, ("Chen"), Tax ID NO., 960362, was employed by the City of New York as

2

a member of the NYPD 73rd Precinct. CHEN is sued in his individual and official capacities.

8.     At all relevant times hereinafter mentioned, defendant DERRICK VIRUET, ("Viruet"), Tax ID NO., 956321, was employed by the City of New York as a member of the NYPD 73RD Precinct. VIRUET is sued in his individual and official capacities.

9.     At all relevant times hereinafter mentioned, defendants JOHN/JANE DOES ONE AND TWO Tax ID No., UNKNOWN, were employed by the City of New York as a member of the NYPD 73rd Precinct. JOHN/JANE DOES ONE AND TWO are sued in his/her  individual and official capacities.

10.    At all relevant times hereinafter mentioned, defendants JOHN/JANE DOES ONE and TWO were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time.

11.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

12.    Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

13.    A Notice of Claim was filed on or about December 2018 with the NYC Comptrollers Office in regards to the September 19, 2018 arrest.

14.     A Notice of Claim was filed on or about January 2022 with the NYC Comptrollers Office in regards to the January 8, 2021 and June 11, 2021 arrests.

**FACTUAL ALLEGATIONS**

**A. September 19, 2018 Arrest and Prosecution.**

15.     On September 19, 2018 at approximately 5:30pm Plaintiff called the 73rd Precinct non-emergency number and 911 for assistance at 230 Lott Ave, Brooklyn NY.

16.     Plaintiff requested assistance in attempting to convince His child's mother, Una Sanders to comply with a Court order for visitation with his child in the custody of the mother.

17.     Defendant Park responded with Defendant Viruet.

18.     Defendant Park and Defendant Viruet met Plaintiff at Ms. Sanders' apartment at 230 Lott Ave Apt 1I.

19.     Plaintiff was with his 3 young children.

20.     Defendants Park and Viruet knocked on Apt 1I.

21.     Ms. Sanders answered the door and Defendant Park engaged Ms. Sanders in a conversation about Plaintiff's request to visit with their child in common.

22.     Defendant Park entered Ms. Sanders' apartment.

23.    Ms. Sanders was at the time romantically involved with an NYPD Officer of the 73rd Precinct.

24.    Ms. Sanders is known to give sexual favors for money and other benefits.

25.    Defendant Park remained in Ms. Sanders' apartment for approximately 1 hour.

26.    Defendant Viruet remained outside Ms. Sanders' Apt with Plaintiff and His 3 young children.

27.    Prior to Defendant Parks exit from Apt 1I, multiple NYPD officers entered 230 Lott Ave and were walking towards Plaintiff and His children.

28.    At approximately 6:30pm Defendant Park exited Ms. Sanders' apartment and pulled Defendant Viruet away and whispered in his ear.

29.    Defendant Park then turned to Plaintiff and asked for Plaintiff's ID.

30.    Plaintiff gave Defendant Park His ID.

31.    Defendant Park told Plaintiff He was under arrest.

32.    Defendant Viruet placed Plaintiff in handcuffs.

33.    Plaintiff asked Defendant Park and Viruet why He was under arrest?

34.    Defendant Park responded and told Plaintiff that Plaintiff had an open complaint in the NYPD system.

5

35.     Defendants Park and Viruet transported Plaintiff to the 73rd Precinct.

36.     Plaintiffs 3 minor children were forced to be transported to the 73rd Precinct in a patrol car.

37.     At the precinct Plaintiff was held for multiple hours before being processed.

38.     Plaintiff 3 minor children were held in an unknown room for approximately 1 hour.

39.     Approximately 6 hours after His arrest Plaintiff was processed.

40.     Defendants Park told Plaintiff He was arrested for allegedly committing crimes on July 2, 2018 against Ms. Sanders.

41.     Defendants Park did not confirm any of the allegations made by Ms. Sanders.

42.     Defendants Viruet did not confirm any of the allegations made by Ms. Sanders.

43.     Defendants Park did not confirm that Plaintiff was ever present at the time and location where the alleged crimes were committed.

44.     Defendants Park and Viruet did not confirm that Plaintiff was ever present at the time and location where the alleged crimes were committed.

45.     Prior to and at the time of Plaintiffs arrest Defendants Park was aware of the fact that Plaintiff and Ms. Sanders were in a contentious Custody/Visitations dispute in Family Court.

46.     Prior to and at the time of Plaintiffs arrest Defendant Viruet was aware of the fact that Plaintiff and Ms. Sanders were in a contentious Custody/Visitations dispute in Family Court.

47.     Defendants Park and Viruet knew at all times or later became aware that there were no open warrants for Plaintiff at the time of arrest.

48.     Defendants Park and Viruet knew at all times or later became aware that there were no open complaints against Plaintiff at the time of arrest.

49.     Defendants Park and Viruet knew at all times or later became aware that there were no open I-Cards against Plaintiff at the time of arrest.

50.     Defendants Park and Viruet arrested Plaintiff for allegedly entering Ms. Sanders' car without permission on July 2, 2018, Plaintiff allegedly shoved Ms. Sanders on July 2, 2018, Plaintiff allegedly grabbed Ms. Sanders' bag and phone and dropped and broke her phone.

51.     Based on the allegations in paragraph 50 Defendants Park and Viruet charged Plaintiff with PL145.00(1) Criminal Mischief in the 4th degree, PL 165.05(1) Unauthorized use of a vehicle in the 3rd degree, PL 120.15 Menacing in the 3rd degree and PL 24026(1) Harassment in the 2nd degree.

52.     Defendants Park and Viruet arrested and charged Plaintiff for allegations of crimes which occurred approximately 80 days prior to been reported by Ms. Sanders.

53.     Defendants Park and Viruet knew at all times or later became aware that the allegations made by Ms, Sanders were false because they could not be corroborated.

54.     Defendants Park and Viruet knew at all times or later became aware that the allegations made by Ms, Sanders were false because Ms. Sanders had no visible injuries, produced no damaged cellphone and she waited approximately 80 days to file her complaint on the day Plaintiff was seeking to visit His daughter.

55.     Defendants Park and Viruet did not see any injuries on Ms. Sanders.

56.     Defendants Park and Viruet did not see a broken phone.

57.     Plaintiff did not consent to be seized or arrested.

58.     Defendants Park and Viruet seized and arrested Plaintiff without probable cause.

59.     Defendants Park and Viruet seized and arrested Plaintiff without reasonable suspicion that Plaintiff committed any crime against Ms. Sanders.

60.     Defendants Park and Viruet at all times relevant intended on seizing arresting Plaintiff for an alleged "open complaint" that they knew did not exist.

61.     Defendants Park and Viruet falsely told the prosecutors office the there was an open warrant, complaint or I-Card for the arrest of Vladimir Jeanty.

62.     Plaintiff appeared in Court for the September 19, 2018 arrest at least 5 time before dismissal of the charges.

63.     The charges from the September 19, 2018 arrest were dropped and the prosecution terminated in Plaintiff's favor on December 18, 2018 pursuant to a speedy trial violation.

**B. January 8, 2021 Arrest and Prosecution.**

64.     On January 8, 2021, Defendant Chen arrested Plaintiff in front of the 73rd Precinct during a Court ordered visitation exchange with Plaintiffs child.

65.     Defendant Chen seized and arrested Plaintiff for no reason.

66.     After Plaintiff was placed under arrest Ms. Sanders made a show-up identification.

67.     Defendant Chen did not know why He was arresting Plaintiff.

68.     Defendant Jonathan Aquino charged Plaintiff on January 9, 2021. at 12:15am.

69.     Defendant Aquino charged Plaintiff with PL 215.50(3) Criminal Contempt in the 2nd Degree, PL 240.26(3) Harassment in the 2nd Degree, PL 120.14(3) Menacing in the 2nd degree, PL 215.50(3) Criminal Contempt in the 2nd Degree, PL 240.26(2) Harassment in the 2nd Degree.

70.     Defendant Aquino continued Plaintiff's arrest by charging Plaintiff with a crime for exercising His right to free speech.

71.     Defendant Aquino continued Plaintiff's arrest by charging Plaintiff with a crime for non-criminal conduct.

72.     Defendant Chen and Defendant Aquino arrested Plaintiff without having any information that Plaintiff was present at the alleged location on the alleged time and date that a crime was alleged to have been committed by Plaintiff.

73.     Defendant Aquino and Chen arrested Plaintiff without having any personal knowledge or information that Plaintiff committed or was about to commit any crime.

74.     Defendant Chen intentionally seized and arrested Plaintiff.

75.     Plaintiff did not consent to be seized or arrested by Defendant Chen.

76.     Defendants Chen and Aquino seized and arrested Plaintiff without a warrant, complaint or I_Card.

77.     Defendants Aquino and Chen seized and arrested Plaintiff without probable cause.

78.     Defendants Aquino and Chen seized and arrested Plaintiff without reasonable suspicion.

79.     Plaintiff appeared in Court for the January 8, 2021 arrest approximately 5 times.

80.     The charges for the January 8, 2021 were dropped and the prosecution terminated in Plaintiffs favor on November 15, 2021. Kings County Criminal Court Judge Cheng entered a Decision and Order dismissing the charges concluding that no crime occurred.

### C. June 11, 2021 Arrest and Prosecution.

81.     On June 11, 2021 Defendant Cheng seized and arrested Plaintiff at the 73rd Precinct while Plaintiff was attempting to pick up His daughter for a scheduled visit.

82.     Defendant Cheng seized and arrested Plaintiff for PL 215.50(3) Criminal Contempt in the 2nd degree and PL 240.30(2) Aggravated Harassment in the 2nd degree.

83.     Defendant Cheng seized and arrested Plaintiff for crimes alleged to have occurred on May 4, 2021.

84.     Defendant Cheng seized and arrested Plaintiff for exercising His right to free speech.

85.     Plaintiff did not assault, harass, menace, intimidate, or threaten Ms. Sanders on, before or after May 4, 2021.

86.     Defendant Cheng knowingly and intentionally falsely alleged that Plaintiff had an Order of Protection that prohibited Plaintiff from communicating with Una Sanders, the complainant.

87.     Plaintiff did not violate any Order of Protection.

11

88.     At no point did the defendant observe plaintiffs committing any crimes or offenses.

89.     At no point was Defendant Cheng provided information that Plaintiff committed an y act in Paragraphs 82 and 85.

90.     Defendant Cheng was shown and was aware of the Limited Order of Protection dated 1/9/2021 which specifically does not prohibit communication between Plaintiff and the complainant Ms. Sanders.

91.     Plaintiff was at all times allowed to communicate with the complainant.

92.     Plaintiff did not consent to be arrested by Defendant Cheng.

93.     Defendant Cheng seized and arrested Plaintiff without probable cause.

94.     Defendant Cheng seized and arrested Plaintiff without reasonable suspicion that Plaintiff committed any crime against Ms. Sanders.

95.     Defendants Cheng seized and arrested Plaintiff without a warrant, complaint or I-Card.

96.     The charges for the June 11, 2021 arrest were dropped and the prosecution terminated in Plaintiffs favor on November 15, 2021, pursuant to a speedy trial violation.

97.     At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

98.   At all relevant times herein, each of the individual defendants participated directly in the detention, seizure and arrest of plaintiff.

99.   At all relevant times herein, each of the individual defendants participated directly in the prosecution of plaintiff.

100.   At all times each individually named defendant acted under color of law, rule, regulation custom and/or usage of the State of New York, City of New York, Federal Constitution and State Constitution.

101.   Plaintiff suffered emotional distress, pain and suffering due to Plaintiffs repeated unlawful seizures, arrests, incarceration and prosecution.

102.   Plaintiff and His children suffered emotional distress, pain and suffering due to their separation caused by defendants conduct.

## FIRST CAUSE OF ACTION
### (State and Federal Law False Arrest Against Defendants Park, Viruet, Aquino, Chen, Cheng and John/Jane Does 1 & 2)

103.   Plaintiffs repeat the preceding allegations as though stated fully herein.

104.   The Defendants jointly and severally, as outlined in the preceding paragraphs, without any warrant, order, or other legal process and without any legal right, wrongfully and unlawfully arrested/detained Plaintiff, restrained him and His liberty, and then took Him into custody and confined Him for approximately 30 plus hours for each incident.

105.   Defendants intentionally confined Plaintiff without His consent.

106.   The confinement was not otherwise privileged by law.

13

107.    At all times, the Plaintiffs were conscious of their confinement.

108.    Defendants detained and arrested Plaintiff without any reasonable suspicion that Plaintiff committed or was about to commit any crime.

109.  Defendants detained and arrested Plaintiff without probable cause to believe that Plaintiff committed or was about to commit any crime.

## SECOND CAUSE OF ACTION

### (State and Federal Law Malicious Prosecution Claim Against Defendants Park, Aquino and Cheng)

110.  Plaintiffs repeat the preceding allegations as though stated fully herein.

111. Defendants Park, Aquino and Cheng commenced criminal proceeding against plaintiff.

112. Defendants Park,  Aquino and Cheng continued criminal proceedings against plaintiff.

113.  Defendants Park, Aquino and Cheng lacked probable cause and/or reasonable suspicion to begin and continue the prosecution of Plaintiff.

114.  The prosecution of September 19, 2018, January 8, 2021 and June 11, 2021 all terminated in Plaintiffs favor.

## THIRD CAUSE OF ACTION

### (State Law Negligent Hiring, Training, Retention, and Supervision Claim Against the City of New York)

115. Plaintiffs repeat the preceding allegations as though stated fully herein.

14

116.   The City of New York owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injuries to plaintiff, or other people similarly situated, would probably result from the foregoing conduct.

117. Upon information and belief, the individual defendants were unfit and incompetent for their positions or were otherwise likely to falsely seize, arrest and maliciously prosecute Plaintiff and other similarly situated individuals.

118. Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that the individual defendants were likely to seize, falsely arrest and maliciously prosecute Plaintiff and other similarly situated individuals.

119. Upon information and belief, defendant City of New York's negligence in screening, hiring, training, disciplining, supervising, and retaining these defendants proximately caused each of plaintiffs' injuries.

120. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION

**(Respondeat Superior Claim Against the City of New York)**

121. Plaintiffs repeat the preceding allegations as though stated fully herein.

122. That defendants employer City of New York is vicariously liable for its employees Park, Viruet, Aquino, Chen, Cheng and John/Jane Does 1 & 2's

negligent and/or intentional acts of false arrest, malicious prosecution and/or fabricating evidence without cause, provocation or justification while in the course of their employment as those acts were/was (a) committed within the scope of the employee's employment; (b) generally foreseeable and a natural consequence of their employment;  and (c) conduct which could have been reasonably anticipated  and prevented by defendants employer City of New York.

### FIFTH CAUSE OF ACTION

**(A Civil Action For Deprivation of Rights In Violation of NYC Administrative Code Chap. 8 Sec 8-803 Against the City of New York, NYPD 73rd Precinct, Defendants Park, Viruet, Aquino, Chen, Cheng and John/Jane Does 1 & 2)**

123.  Plaintiffs repeat the preceding allegations as though stated fully herein.

124.  Defendants Park, Viruet, Aquino, Chen, Cheng and John/Jane Does 1 & 2 unreasonably seized Plaintiff and arrested Plaintiff as described in the preceding paragraphs.

125.  Each named Defendant was at the time employed by Defendant City of New York and worked out of the 73rd Precinct.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a)     Award compensatory damages against the defendants, jointly and severally in the amount of $1,000,000;

(b)     Award punitive damages against the individual defendants, jointly and severally in the amount of $50,000;

(c)      Award costs of this action to the plaintiff;

(d)      Award further relief pursuant to NYC Administrative Code Chap. 8

Section 8-805 et seq.;

(e)      Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial.

Signed and dated:

March 14, 2022

Queens, New York

_____
VLADIMIR JEANTY, Pro-se
PO Box 921173
Arverne, NY 11692-1173
(516) 667-9231
vladimirjeanty@gmail.com

17