```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VLADIMIR JEANTY,

                        Plaintiff,
                                                          MEMORANDUM AND ORDER
        -against-                                         21-CV-5344 (OEM) (JAM)

THE CITY OF NEW YORK; JUNSUN PARK, and
NICHOLAS VIRUET,

                        Defendants.
-----------------------------------------------------------------x
```

ORELIA E. MERCHANT, United States District Judge:

This federal action filed by pro se Plaintiff Vladimir Jeanty ("Plaintiff" or "Jeanty") arose out of his arrest on September 19, 2019, and prosecution—which was later dismissed—related to a domestic incident involving the mother of his daughter and former romantic partner Una Sanders ("Sanders").[1] ECF 1. Plaintiff brought his complaint against Defendants New York City Police Department Officers Junsun Park ("Officer Park") and Nicholas Viruet ("Officer Viruet") (together, the "Officer Defendants"), and the City of New York (the "City") (collectively "Defendants"), alleging federal and state law claims of false arrest against the Officer Defendants, federal and state law malicious prosecution claims against Officer Park, a state law negligent hiring and training claim and a related *respondeat superior* claim against the City, and a deprivation of rights claim under NYC Administrative Code Chap. 8 Sec 8-803 against the Defendants. *Id*.

The parties filed cross motions for summary judgment under Federal Rule of Civil Procedure 56. ECF 61, 62, 65. On August 16, 2024, the Court denied Plaintiff's motion for summary judgment, ECF 62, and granted the Defendants' motion for summary judgment, ECF 61.

---

[1] Plaintiff initially filed this action in the U.S. District Court for the Southern District of New York. ECF 1. On September 20, 2021, this action was transferred to this Court. ECF No. 4.

1

Memorandum & Order ("Order"), ECF 68. Having resolved all the claims pending in this action, the Court dismissed Plaintiff's action against the Defendants. *Id.* On August 19, 2024, the Clerk of Court entered judgment. ECF 69.

Before the Court is Plaintiff's motion for reconsideration of the Court's Order dismissing this action. Motion for Reconsideration ("Pl's Mot."), ECF 70; Memorandum of Law In Support of Motion for Reconsideration ("Pl's Memo"), ECF 70-1. For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history in this action up until the Court entered its Order. *See Jeanty v. City of New York*, 21-cv-5344 (OEM) (JAM), 2024 WL 3849418 (E.D.N.Y. Aug. 16, 2024).

Since then, Plaintiff has filed a motion for reconsideration of the Court's Order dismissing this action. Plaintiff Vladimir Jeanty's Motion for Reconsideration ("Pl's Mot."), ECF 70; Plaintiff Vladimir Jeanty's Memorandum of Law In Support of Motion for Reconsideration ("Pl's Memo"), ECF 70-1. The Officer Defendants opposed. Defendants' Memorandum of Law In Opposition to Plaintiff's Motion for Reconsideration ("Officer Defs' Opp."), ECF 73. Plaintiff filed a reply. Plaintiff Vladimir Jeanty's Reply Memorandum of Law In Support of Motion for Reconsideration ("Pl's Reply"), ECF 74.

Plaintiff also filed a notice of appeal in this District Court. Notice of Appeal, ECF 71. On September 19, 2024, Clerk of Court for the U.S. Court of Appeals for the Second Circuit entered a "notice of required case status update" finding that "[s]ince at least one motion cited in [Federal Rules of Appellate Procedure] 4(a)(4) has been filed in the district court[,] this appeal is stayed pending resolution of the motion(s)." ECF 75.

## LEGAL STANDARD

To succeed on a motion for reconsideration, the movant must show "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790); *see also Metzler Inv. GmbH v. Chipotle Mex. Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (describing the standard as "strict").

"'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Person v. Mulligan Security Corp.*, 22-CV-2980 (AMD) (LB), 2024 WL 2111522, at *2 (E.D.N.Y. May 10, 2024) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)); *Shrader*, 70 F.3d at 257; *see also* E.D.N.Y. Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

"A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Weir v. Montefiore Medical Center*, 23-cv-4468 (KPF), 2024 WL 2049411, at *2 (S.D.N.Y. May 6, 2024) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Shearard v. Geithner*, 9-cv-0963(JS) (ETB), 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering*

3

*Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, 5-cv-3430, 5-cv-4759, & 5-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, 10-cv-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## DISCUSSION

Plaintiff makes three arguments in support of his motion for reconsideration: (1) the Court did not afford him the "special solicitude" given to pro se litigants; (2) there was neither probable cause to arrest him nor arguable probable cause for the purposes of qualified immunity on his false arrest claim; and (3) the Court overlooked the follow-up investigation report in determining there was probable cause and/or arguable probable cause for the crimes he was charged with on September 20, 2019. Pl's Memo at 2, 3. The Court addresses each argument in turn.

### A.   **Liberal Construction Afforded to Pro Se Litigants**

Plaintiff argues that the Court "failed to construe [his] claims and argument[s] under the less stringent standard" afforded to pro se litigants but rather applied the more stringent standard applied to parties represented by counsel. Pl's Memo at 3. In support of his position, Plaintiff states that the Court only mentioned once that it applied the special solicitude when analyzing Plaintiff's claims against the City, s*ee* Order at 37 ("[g]iven his pro se status, the Court construes this liberally to allege a municipal liability claim against the City . . ."). Plaintiff therefore argues that "[i]n the previous 36 ½ pages [of the Order,] the Court clearly construed [his] claims and arguments under the most stringent standard: as that of an attorney." Pl's Memo at 2.

4

Plaintiff is correct that pro se litigants are afforded "special solicitude" on motions for summary judgment. *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). Courts read the pleadings, briefs, and opposition papers of pro se litigants "liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that the submissions of pro se litigants are "held 'to less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

However, Plaintiff is incorrect in asserting that the Court applied special solicitude only in the one instance where it explicitly stated it did. Plaintiff appears to argue that a court is required to state that it is applying special solicitude in every section of an opinion analyzing a pro se plaintiff's particular claim; and according to Plaintiff, a court's failure to do so means that the court did not apply that liberal standard. However, Plaintiff has not pointed to any controlling decisions in this Circuit, and the Court is not aware of any, granting a motion for reconsideration because the Court only explicitly mentioned special solicitude regarding one claim. In any event, the Court's opinion states several times that it has liberally construed Plaintiff's claims and arguments at summary judgment. For example, the Court noted Plaintiff's pro se status in the opening sentence of the opinion. Order at 1. The Court found that Plaintiff's "complaint simply invokes 'federal law' as the mechanism for vindicating violations of an unconstitutional seizure . . . [which] requires invoking 28 U.S.C. § 1983" but nonetheless "construe[d] Jeanty's federal claims to have been brought under § 1983." *Id.* Order at 16 & n.8. That the Court construed Plaintiff's barren invocation of "federal law" as a claim properly brought under § 1983 is further evidence of the Court's recognition of Plaintiff's pro se status and affording him that special solicitude. Further,

5

the Court's decision dismissing this action resulted from Plaintiff's failure to present sufficient record evidence to create a genuine issue of material fact, not from the Court's misconstruction of Plaintiff's claims and arguments. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (holding that a litigant's "pro se status does not exempt [he or she] from compliance with relevant rules of procedural and substantive law") (internal quotation marks omitted); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (stating that the obligation to read pro se pleadings liberally "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment" (citation omitted)). Upon review of the Order, the Court is satisfied that it met its obligation to liberally construe Plaintiff's claims and arguments at summary judgment.

### B. The Court's Decision on the Merits of the Parties' Summary Judgment Arguments and Record Evidence

The rest of the issues Plaintiff raises in support of his motion for reconsideration are simply an attempt to repackage arguments he previously made in the course of summary judgment briefing. Pl's Memo at 3-11. For that reason, the motion for reconsideration will be denied.

Plaintiff argues that the Court should not have granted summary judgment on qualified immunity to Park, asserting that Park "determined that probable cause did not exist" and that "no offense [was] committed." Pl's Memo at 4. Plaintiff further argues that the Court "excluded from its probable cause analysis that Defendant Park had already questioned [Sanders] and chose not to believe [Sanders] by determining that 'no offense [had been] committed" and therefore no probable cause existed to arrest him. *Id.* Instead, Plaintiff argues that:

> [T]he only relevant material facts the Court should have considered in the probable cause analysis was what facts Defendant Park had to arrest [him] after Defendant Park [had] made the reasonable decision that 'no offense [was] committed' by [him] based on Sanders' 911 call and DIR report. But for Defendant Park being

6

aware of the existence of the 7/3/2018 Criminal Mischief complaint and the *'he broke my phone'* statement[,] there would have been no arrest[.]

Pl's Memo at 5 (third alteration in original).

Plaintiff made these arguments in the briefing of the motions for summary judgment. *See* Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment, ECF 61-5, at 15-24; Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment, ECF 62-3, at 7-23. The Court addressed these arguments in its Order and denied both parties summary judgment on the issue of probable cause. Because Jeanty already made these arguments and the Court considered them in issuing its M&O, "[Jeanty] cannot re-litigate that determination on a motion for reconsideration." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011).

With respect to his malicious prosecution claim, Plaintiff argues that the Court overlooked the July 27, 2018 follow up report, which he states "is material and carries more weight than the original [July 3, 2018] DIR [domestic incident report]" because Sanders was in a "no stress environment" during the follow up interview. Pl's Memo at 8. But Plaintiff misrepresents the Court's factual findings and analysis. The Court specifically referred to the July 27, 2018 report stating that the "NYPD officers continued investigating the allegations in the July 2018 Complaint against Jeanty by*, inter alia*: . . . conducting an unsuccessful home visit to Sanders' residence on July 27, 2018" and citing to the Exhibit 11 of Jeanty's declaration, ECF 62-21. Order at 4. Regardless, the Court found that Plaintiff "untimely" filed his state law malicious prosecution claim because that claim accrued when the criminal charges against Plaintiff were dismissed on speedy trial violations grounds on December 21, 2018, the statute of limitations for the malicious prosecution claim ran on December 21, 2019, and yet Plaintiff filed his first complaint in the Southern District of New York on September 17, 2021. Order at 16. This Court therefore

7

dismissed Plaintiff's malicious prosecution claim as barred by the statute of limitations. *Id.* Plaintiff's reconsideration argument does not address or dispute the basis on which the Court dismissed that claim. Thus, Plaintiff has not pointed to "matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Person*, 2024 WL 2111522, at *2.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration, ECF No. 70, is DENIED.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

November 18, 2024
Brooklyn, New York